NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT : <br> : <br> of : <br> : <br> DAVID GROSS, as owner of 2001, 41-foot : <br> SeaRay Sundancer motor vessel, for : <br> Exoneration from or Limitation of Liability, : <br> : <br> Petitioner. : <br> : | Civil No. 08-5480 (AET) <br><br> **MEMORANDUM AND ORDER** |

THOMPSON, U.S.D.J.

This matter comes before the Court upon Claimant's Motion for Relief from Judgment [9], filed pursuant to this Court's Order [6] granting Petitioner's Motion for Judgment on the Pleadings. The Court has decided the instant motion based upon the submissions of the parties, without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons stated below, Claimant's motion is granted.

BACKGROUND

On or about May 22, 2008, Petitioner David Gross was at the helm of his boat, a 41-foot SeaRay Sundancer motor vessel (the "Vessel"), while Claimant Marcelle Bale ("Claimant") was Petitioner's passenger and guest aboard the Vessel. Claimant alleges that, while Petitioner was operating and navigating the vessel, the Vessel ran onto a shoal, causing Claimant to fall and suffer severe injuries. On September 25, 2008, Claimant filed a Complaint in the Superior Court of New Jersey, Monmouth County, setting forth a negligence cause of action against Petitioner.

-1-

On November 7, 2008, Petitioner filed a Complaint [1] in this Court seeking Exoneration, or, alternatively, Limitation of Liability, for his actions set forth in the state Complaint, pursuant to 46 U.S.C. § 30501 et seq.  Claimant's counsel claims he was never served with the Complaint filed in this Court.  On January 30, 2009, the Court issued an Order [3] Restraining Suits and Directing Issue of Notice and the filing of Claims on or before March 27, 2009 ("Claims Deadline Order").  On February 2, 2009, the Clerk of the Court issued a Notice [5] of "Filing A Complaint for Exoneration From or Limitation of Liability" ("Clerk's Notice").

Petitioner contends that on February 3, 2009, a letter attached with the Clerk's Notice was mailed to Marcelle Bale, via certified and registered mail, pursuant to Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Rule F").  Claimant's attorney contends he did not receive this correspondence until March 16, 2009.  Petitioner's counsel further contends that, on March 13, 2009, he attempted to contact Claimant's counsel both telephonically and via letter.  Petitioner claims both attempts at communication were unsuccessful.

On March 31, 2009, four days after the Claims Deadline Order, Petitioner filed a Motion for Judgment on the Pleadings [5].  On May 7, 2009, the Court issued an Order [6] granting Petitioner's unopposed motion.  On July 10, 2009, Petitioner filed the instant motion seeking relief from the Court's May 7, 2009 Order.

## DISCUSSION

A. Relief Pursuant to Rule 60(b)(1)

Pursuant to Fed. R. Civ. P. 60(b), "the court may relieve a party . . . from a final judgment . . . [for reasons of] mistake, inadvertence, surprise, or excusable neglect."  See Pioneer Inv. Svcs., Inc. v. Brunswick Assocs. Ltd. P'ship., 507 U.S. 380, 393 (1993) (stating that failure

to respond to a pleading is generally evaluated for Rule 60(b)(1) as a question of "excusable neglect").

Whether error is "excusable" is a question of equity. Pioneer, 507 U.S. at 395. The Court must consider the circumstances surrounding Claimant's omission that led to the judgment from which relief is sought. Id. In the context of Rule 60(b)(1), these circumstances include (1) the reason for the delay, including whether it was reasonably within the control of the movant, (2) the length of delay and its potential impact on further proceedings, and (3) the danger of prejudice to the non-movant and whether the movant acted in good faith. Id.

1. Reason for the Delay

In this case, Claimant's counsel cites communication problems as the primary reason for the delay. Claimant's brief filed with the instant motion is replete with instances where Claimant's counsel either did not receive critical pleadings causing him to miss deadlines contained within those documents, or did not fully understand the nature of the proceedings in this Court.

For example, in addition to not receiving the Clerk's Notice until six weeks after its entry, Claimant's counsel recounts another similar delay, claiming he did not receive notice that the Court had granted Petitioner's unopposed Motion for Judgment on the Pleadings until two months after its May 7, 2009 entry, on July 1, 2009. Claimant's counsel further avers that failures to file, or other omissions attributable to Claimant, were due partly to Claimant's counsel's lack of expertise in this area of the law. The combination of these factors, Claimant's counsel contends, caused Claimant to fail to respond to certain of the Court's deadlines.

2. Length of Delay

That portion of Claimant's motion seeking relief pursuant to Fed. R. Civ. P. 60(b)(1) places upon the moving party a limit of no more than a year in which to bring the motion. Fed. R Civ. P. 60(c). In this case, only six months have elapsed since the Court entered its Claims Deadline Order. The short period of time between the entry of the Claims Deadline Order and the instant motion reveals many attempts at communication between Petitioner's counsel and Claimant's counsel, followed by delays in receipt by Claimant. The record is devoid of any evidence indicating bad faith by either counsel. Furthermore, the Court notes that only two months have elapsed between this Court's entry of the Order on Petitioner's Motion for Judgment on the Pleadings and Claimant filing the instant motion.

### 3. Prejudice to the Petitioner and Claimant's Good Faith

Petitioner argues he is entitled to the final judgment afforded by the Court's May 7, 2009 Order. Petitioner contends that Claimant's counsel's "inaction" and "ignorance" does not merit relief pursuant to Rule 60(b)(1). In rebuttal, Claimant's counsel alleges that, on more than one occasion, he received certain critical pleadings and documents in a tardy manner. Also, Claimant's counsel has conceded a relative lack of expertise in admiralty and maritime law. To remedy the matter, Claimant's counsel, in its brief and supporting papers, has informed the Court that it has retained outside counsel better suited to handle admiralty cases.

The Court in Pioneer reminds us that whether something is "excusable neglect" is a question of equity. Pioneer, 507 U.S. at 395. Here, the prejudice to the Petitioner, though real, is minor, given the facts of this case and the law governing it. Conversely, Claimant's good faith is not insignificant. On balance, the Court is persuaded that Claimant's interest in relief from the judgment is more compelling than Petitioner's interest in leaving the Court's May 7, 2009 Order

undisturbed.

As Petitioner's moving papers suggests, Claimant's alleged negligence claim may or may not be substantively sufficient.  The Court makes no pronouncement on this argument except to say that if it is in fact true that the Claimant cannot establish negligence as she is required under the Limitation and Liability Act, then the Court's grant of the instant motion amounts to no more than a procedural exercise, and does not constitute any significant prejudice to the Petitioner.

Moreover, the Court notes that the omission in this case belonged to Claimant's counsel, and not to Claimant.  In fact, Claimant filed suit in state court, rather promptly, following the injury she allegedly suffered on or about May 22, 2008, aboard the Vessel.  Furthermore, Claimant's counsel submitted to the Court that he has retained counsel specializing in maritime and admiralty law.   It appears to the Court that to deny the instant motion would be significantly prejudicial to Claimant.

For these reasons, and balancing Petitioner's arguments to leave the May 7, 2009 Order undisturbed versus the harm to Claimant were the Court not to grant the instant motion, the relief sought by the Claimant is permissible when examined within the confines of Fed. R. Civ. P. 60(b)(1), and accords with the Court's decision in <u>Pioneer</u>.  Therefore, the Court will grant the instant motion.  Accordingly, the Court declines to consider Claimant's alternative basis for relief.

<u>CONCLUSION</u>

For the foregoing reasons and for good cause shown,

It is on this 31st day of August, 2009,

ORDERED that Claimant's Motion for Relief from Judgment [9]  is GRANTED.

                                                                                  s/ Anne E. Thompson  
                                                                     ANNE E. THOMPSON, U.S.D.J.